THE STATE OF OHIO, APPELLEE, *v.* CLARK, APPELLANT.

[Cite as State v. Clark (1978), 55 Ohio St. 2d 257.]

(No. 77-909—Decided August 16, 1978.)

258

*Mr. John E. Shoop,* prosecuting attorney, *Mr. David L. Lavinder* and *Mr. Gregory C. Sasse,* for appellee.

*Mr. Albert L. Purola* and *Mr. John Winthrop Ours,* for appellant.

CELEBREZZE, J. Appellant does not deny that he aided and abetted an aggravated robbery, but contests his conviction for the crime of aggravated murder, with the specification that the crime was committed duing the commission of an aggravated robbery.

In order to comprehend the foundation of appellant's argument three statutes must be examined, the first of which, R. C. 2903.01(B), is the aggravated murder statute under which appellant was charged as an aider and abettor. This section provides:

"No person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary or escape."

The second statute is the complicity section, R. C. 2923.03, which reads in pertinent part:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"* * *

"(2) Aid or abet another in committing the offense."

The third statute is R. C. 2901.22(A), which defines the culpable mental state of purpose, as follows:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

In view of the above-quoted sections appellant contends that to convict him of the crime of aggravated murder with the particular specification, it was necessary for the state to prove that he possessed the specific intention to kill, and that specific intent to kill may not be presumed as being the natural, reasonable and probable consequence of engaging in an aggravated robbery.

Appellant's position is in direct opposition to the majority holding of this court in *State* v. *Lockett* (1976), 49 Ohio St. 2d 48, 58-62,* a case in which the facts were paral-

*This issue was not resolved by the United States Supreme Court in its decision involving *Lockett* v. *Ohio* (1978), —— U. S. ——, 57 L. Ed. 973.

lel to the facts in the cause at bar. Our examination of the record in the instant cause establishes that appellant participated in the planning and commission of the robbery, and also acquiesced in the employment of a deadly weapon to accomplish this crime. Under these circumstances appellant must have realized that the victim's life would be endangered by the manner and means of performing the act conspired, and accordingly, appellant is bound by the consequences naturally resulting from the furtherance of the conspiracy to commit the aggravated robbery. We therefore hold that the jury had before it sufficient evidence from which to find that appellant possessed a purposeful intent to kill.

The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and W. BROWN, J., concur in the judgment with regard to the conviction for aggravated robbery. *State* v. *Lockett* (1976), 49 Ohio St. 2d 48.